ELI HINCKLEY vs. MARY L. BAXTER.

A building without underpinning, but standing on wooden blocks, if put upon land of another with his consent, though without any agreement for its removal or for the purchase of the land, is personal property, and may be sold as such; and the owner of the land has no lien thereon for ground rent, and, if he forbids the removal thereof by the purchaser, he is liable for the conversion.

TORT, originally commenced against Heman Baxter, and prosecuted against the defendant as the administratrix of his estate, for the conversion of a small wooden dwelling-house. The following facts were agreed in the superior court:

In 1858, Calvin S. Brooks erected the building in controversy, which was without underpinning and stood on wooden blocks, on the land of Heman Baxter, with his consent, but without any agreement or understanding as to its removal or the purchase of the land. In the same year Brooks mortgaged the building to the plaintiff, who duly foreclosed the mortgage in 1859, and in 1864 demanded the property of Baxter, who refused to give up possession thereof, because the rent for the use of the land on which it stood had not been paid, and because Brooks was indebted to him on other accounts.

It was agreed that if on these facts the plaintiff was entitled to recover, the damages should be fixed by an auditor.

Judgment was rendered for the defendant, and the plaintiff appealed to this court.

G. A. King, for the plaintiff.

O. Hinckley, for the defendant.

CHAPMAN, J. It has been held by this court that a building situated like the one in controversy is personal property. First Parish in Sudbury v. Jones, 8 Cush. 184, and cases cited. Belding v. Cushing, 1 Gray, 576. In Maine it has been held that it may be attached and sold by a creditor of the owner, and that, if the owner of the land refuses to deliver it on demand to the purchaser, an action of trover lies to recover its value. Russell v. Richards, 1 Fairf. 429; S. C. 2 Fairf. 376. Tapley v. Smith, 18 Maine, 12. Pullen v. Bell, 40 Maine, 314. An action of

trover was also maintained for such property in *Wansbrough* v·
*Maton*, 4 Ad. & El. 884.

When the plaintiff demanded this property the defendant re-
fused to give up possession of it, and claimed a right to hold it.
This was a conversion of the property for which an action of
tort lies.                              *Judgment for the plaintiff.*